**STATE of Iowa, Appellee,**

v.

**Charles Samuel RICHARDS, Appellant.**

**No. 54816.**

Supreme Court of Iowa.

March 16, 1972.

Simon W. Rasche, Jr., Clinton, for appellant.

Richard C. Turner, Atty. Gen., Allen J. Lukehart, Asst. Atty. Gen., and G. Wylie Pillars, III, County Atty., for appellee.

PER CURIAM:

Defendant entered a plea of guilty to the crime of robbery without aggravation and was sentenced December 20, 1968, to the penitentiary for the prescribed indeterminate term. He thereafter undertook to appeal pro se to this court. That appeal was dismissed January 27, 1970. He thereafter brought a habeas corpus proceding in Lee County District Court. That court held the defendant's constitutional rights had been violated. Defendant had not been provided with an attorney and transcript of proceedings in his earlier attempted appeal to this court. The Lee District Court ordered defendant be "returned to the authorities of Clinton County, Iowa for further prosecution * * *." That decree was not appealed by either party.

Upon his return to Clinton County, defendant brought another habeas corpus proceeding, claiming the charges against him should be dropped by reason of former jeopardy. A decree, in the Clinton County District Court filed April 27, 1970, denied the petition. That decision was not appealed.

On June 4, 1970, defendant again plead guilty to robbery without aggravation and again was sentenced to a similar term in

the penitentiary. No appeal was taken from this guilty plea or sentence. Thereafter appellant filed pro se a motion to arrest and vacate judgment. The trial court properly ordered this motion treated as one brought under the post conviction act. New counsel was appointed. The matter proceeded to hearing after which the trial court filed extensive rulings and denied defendant the relief sought.

█ In the post conviction proceeding and in this appeal defendant has urged violation of his constitutional rights in again being charged with robbery with aggravation. He claims that he was subjected to former jeopardy upon his return to Clinton County. He claims he was denied effective counsel in the later proceeding in Clinton County, resulting in his willingness to enter his second guilty plea.

Defendant concedes the appeal presents no new propositions of law. All questions were answered in State v. Sefcheck, 261 Iowa 1159, 157 N.W.2d 128. He asks the court to specifically overrule State v. Sefcheck. In the alternative we are asked to distinguish it. Distinction is sought because the failure here was to appoint an attorney within the appeal rather than, as in the Sefcheck case, in the trial court. We decline to overrule State v. Sefcheck. We hold it controlling in the facts presented here.

█ Indeed, since the filing of the Sefcheck case, it has become mandatory to credit defendant, in serving his present sentence, with any time actually served under the earlier sentence which was held to be void. We order such credit accorded this defendant. See North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. Accordingly the criticism expressed in the dissent in State v. Sefcheck has since been resolved.

Since we decline to overrule our decision in State v. Sefcheck, or to distinguish it as defendant requests, the judgment of trial court must be and is

Affirmed with instructions.